699 P.2d 1299

**Karen LANS, Plaintiff/Appellant,**

**v.**

**MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant/Appellee.**

**No. 2 CA–CIV 5098.**

Court of Appeals of Arizona, Division 2.

Nov. 30, 1984.

Review Denied Feb. 13, 1985.

Southern Arizona Legal Aid, Inc. by Suzanne Rabe, Tucson, for plaintiff/appellant.

Bilby & Shoenhair, P.C. by John A. Robertson, Tucson, for defendant/appellee.

OPINION

BIRDSALL, Chief Judge.

This is an appeal from the dismissal of appellant's complaint against appellee, Mutual Life Insurance Company of New York (MONY) for failure to state a claim, Rule 12(b)(6), Rules of Civil Procedure, 16 A.R.S.

Appellant Lans purchased MONY's major medical insurance policy in 1969. The policy contained a provision that for male insureds only, all premiums would be waived in the event of a total disability. No similar provision applied to female insureds and they were required to continue paying premiums in the event of total disability. In 1977 appellant became totally disabled. Her request to have her premium payments waived was denied by MONY. She then filed this action in September 1983 for declaratory and injunctive relief and damages. In December 1983 the trial court granted MONY's motion to dismiss. Because matters outside the pleadings were presented to and considered by the court, the motion was in the nature of a motion for summary judgment. Rule 12(b), *supra.* This appeal followed.

█ Appellant's claim in the lower court and in this appeal is that an insurance policy which provides a waiver of premiums upon disability for male insureds, but not for female insureds, constitutes unfair discrimination which violates A.R.S. § 20–448. We note at the outset that only subsection (B) of the statute applies to appellant's situation because the policy provides insurance for disability. A.R.S. § 20–253 defines disability insurance as follows:

"Disability insurance" is insurance against bodily injury, disablement or death by accident or accidental means, or the expense thereof, or against disablement or expense resulting from sickness, and every insurance appertaining thereto.

A.R.S. § 20–448(B), the pertinent provision, states in part:

No person shall make or permit any unfair discrimination ... between individuals of the same class and of essentially the same hazard in the amount of premium, policy fees or rates charged for any policy or contract *of disability insurance* or in the benefits payable thereunder, or in any of the terms or conditions of the contract, or in any other manner whatever. (emphasis supplied)

The appellant's contention that the policy also comes within the provisions of A.R.S. § 20–448(C) is incorrect since that section does not pertain to disability insurance.

Appellee argues that sex discrimination in 1969 was not an unfair discrimination, and that the fairness of such discrimination is evidenced 1) by the act of the Director of Insurance in permitting the policy to be marketed in Arizona, and 2) by the fact that a rule adopted by the director in 1977 which eliminated sex discrimination in the sale of insurance contracts pursuant to A.R.S. § 20–448, Rule R4–14–209, was specifically made prospective in nature.

It is appellant's contention that Rule R4–14–209, if applicable, would only eliminate the necessity of *proving* that discrimination as to sex is unfair. She concedes that it is inapplicable to her contract inasmuch as it was not promulgated until some eight years after she purchased her policy. Had her cause of action not been dismissed, she agrees she would be required at trial to prove that men and women in 1969 were of the same class and of essentially the same hazard as to the policy which was issued, and that the discrimination between sexes was unfair.

█ Mere adoption of the rule prohibiting sex discrimination, with prospective application does not foreclose a plaintiff from

presenting evidence which may show that sex discrimination was likewise unfair earlier under A.R.S. § 20–448(B), which was adopted in 1913. Unfair discrimination, while perhaps more difficult to prove in the absence of the specific rule, is nevertheless precluded by the language of the statute. The appellant would certainly be entitled to relief, specifically waiver of premium and return of premiums paid since her disability, if she prevails on her theory of unfair discrimination prohibited under the statute.

■ Because we do not agree that the appellee was entitled to judgment as a matter of law, we reverse.

The appellee contends that the policy provision cannot be unfair because the statute prohibits discrimination between individuals only of the same class and for purposes of waiver of premium men and women are, or can be treated as being of, different classes. The appellee cites no authority for this proposition. Its arguments by way of analogy are unpersuasive.

■ First the appellee relies on *Mahone v. Hartford Life and Accident Insurance Co.*, 561 P.2d 142 (Okla.App.1976), which held that a classification based on age was not unfair discrimination under a similar statute. We find *Mahone* inapposite since, as the appellant argues, a classification based on age is much different than one based on sex. Further, the *Mahone* opinion discusses factual justifications for classifications based on age. None have been presented in the instant case and, as the appellant contends, the existence of reasons for the classification must be demonstrated at trial. *See also Simmons v. Continental Casualty Co.*, 410 F.2d 881 (8th Cir.1969).

The appellee next argues that we should determine that the Arizona legislature never intended that the statute would prohibit discrimination based on sex because of the enactment of other legislation which it contends either permitted or prohibited discrimination based on sex. It refers to A.R.S. § 20–1631(B) enacted in 1972 which provides:

No insurance company shall cancel or refuse to renew a motor vehicle insur-

ance policy solely because of the age, race, color, creed, national origin or ancestry of any one who is an insured, ...

This statute was then amended in 1977 to also prohibit discrimination based solely on sex. The appellee argues that if A.R.S. § 20–448 already prohibited discrimination solely based on sex, then A.R.S. § 20–1631 when enacted was clearly in conflict since it permitted such discrimination. The appellee then relies on *State Land Department v. Tucson Rock and Sand Co.*, 107 Ariz. 74, 77, 481 P.2d 867, 870 (1971) which holds, in part,

[W]here statutes *in pari materia* are in apparent conflict, the customary rules of construction require that they should, as far as possible, be construed in harmony so as to give force and effect to each.

The appellee reasons that the only way to construe A.R.S. § 20–448 consistently with A.R.S. § 20–1631 as originally enacted is to conclude that A.R.S. § 20–448 does not prohibit discrimination solely based on sex.

Additionally the appellee points out that A.R.S. § 20–1548, enacted in 1977, provides, in part,

B. A mortgage guaranty insurance company shall not discriminate in the issuance or extension of mortgage guaranty insurance on the basis of the applicant's sex, marital status, race, color, creed or national origin.

The appellee contends that if A.R.S. § 20–448 already prohibited discrimination solely based on sex then this statute was unnecessary. The appellee cites *Campbell v. Superior Court*, 18 Ariz.App. 287, 291, 501 P.2d 463, 467 (1972):

Under rules of statutory construction, all statutes dealing with the same subject matter must be read together and meaning given to each statute.... Moreover, courts are admonished to avoid a construction of statutes which would render them meaningless or of no effect. [citations omitted]

Thus, appellee argues that while sex discrimination is specifically prohibited by statute in the issuance of mortgage guaranty insurance, A.R.S. § 20–1548, and the

cancellation of automobile insurance, A.R.S. § 20–1631, there is no Arizona statute that specifically prohibits sex discrimination in the issuance of disability insurance such as that purchased by appellant.

■ We are not persuaded by these arguments for several reasons. We do not believe it necessary to resort to the statutory construction rules cited. A.R.S. § 20–448(B) prohibits *unfair* discrimination between individuals of the same class and of essentially the same hazard. This is far different language than that employed in the other statutes which specifically enumerate the prohibited classifications and prohibit *any* discrimination. In other words, the fact that other statutes specifically prohibit sex discrimination does not mean that the use of sex as a classification in disability insurance cannot be unfair discrimination, or, put another way, is fair discrimination.

We agree with the appellant that it is just as logical to believe that the specific prohibitions against sex discrimination in motor vehicle insurance and mortgage guaranty insurance indicate a legislative intent to eliminate the requirement of "unfairness."

The appellee also argues that since our statute was recognized in *Western Union Life Insurance Co. v. Musgrave*, 25 Ariz. 219, 215 P. 536 (1923) as being substantially a counterpart of the Washington state discrimination statute that we should look to Washington law for guidance. We recognize that general proposition but unfortunately no reported Washington decision has interpreted their statute as to this issue. The fact that in 1971 the Washington legislature enacted RCW 48.30.280, now RCW 48.30.300, specifically prohibiting sex discrimination in insurance contracts is subject to the same observations just made concerning the Arizona legislative acts. We are not persuaded that a Washington court would not have permitted a finding that to give waiver of premium benefits to a man but not to a woman prior to 1971 was unfair discrimination.

■ The appellee next argues that although the Arizona Civil Rights Act of 1965, A.R.S. § 41–1401, et seq., prohibits sex discrimination in employment, it is not specifically prohibited in places of public accommodation. Thus the appellee urges that we should conclude sex cannot be unfair discrimination in disability insurance contracts. This conclusion does not follow. A.R.S. § 20–448(B) does not specifically enumerate any of the prohibited factors listed in the civil rights act as to either employment or sale of goods.

Finally we are not persuaded by the argument that this may be the first interpretation since 1913 of A.R.S. § 20–448(B) permitting sex discrimination to be considered unfair. There is likewise no decision to the contrary.

Neither dismissal nor summary judgment was proper in this case. The dismissal is set aside and the complaint reinstated.

Reversed.

HATHAWAY and HOWARD, JJ., concur.